619 F.2d 729
 Bonnie PESKE, Sandra Bailey, and Carlotta McGrath, on behalf
of themselves and all others similarly situated, Appellants,
v.
T. N. TANGEDAHL, Executive Director of the Social Service
Board of North Dakota, both individually and in his official
capacity, and the members of the Social Service Board of
North Dakota, individually and in their official capacities,
Appellees.
 No. 79-1595.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 14, 1980.
Decided April 14, 1980.
 
 Mary R. Mannix, Adele M. Blong and Henry A. Freedman, Center on Social Welfare, New York City, and Edwin W. F. Dyer, III, Legal Assistance of N. D., Bismarck, N. D., for appellants.
 Blaine L. Nordwall and Wayne J. Anderson, Social Service Bd. of North Dakota, Bismarck, N. D., for appellees.
 Before LAY, Chief Judge, BRIGHT and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 North Dakota operates an Aid to Families with Dependent Children (AFDC) program pursuant to Title IV of the Social Security Act, 42 U.S.C. § 601 et seq. (1976). Bonnie Peske and other similarly situated recipients of grants under North Dakota's AFDC program (Peske) appeal from a district court judgment dismissing their complaint against the executive director and members of the Social Service Board of North Dakota (the Board). The district court determined that under Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), it lacked subject matter jurisdiction to hear Peske's claims. For reasons set forth below, we conclude that this determination was erroneous because insufficiently supported by appropriate findings. Accordingly, we vacate the district court judgment and remand the case for a jurisdictional determination under the standards set forth in Hagans v. Lavine, 415 U.S. 528, 537-38 and 542-43, 94 S.Ct. 1372, 1379 and 1381-82, 39 L.Ed.2d 577 (1974).
 
 
 2
 At the time this action was instituted, the Board employed an alternate month budgeting procedure to compute the amount of a recipient's grant under North Dakota's AFDC program.[1] Alternate month budgeting means that variable income received in a given month and subsequently reported to the Board reduces the amount of a recipient's grant for the second month following the month in which the income was received.[2] For example, if an AFDC recipient earned an extra $100 in May, the Board would reduce the recipient's grant by a given amount in July.[3]
 
 
 3
 Peske sought declaratory and injunctive relief against the Board's alternative month budgeting procedure. In her complaint Peske claimed that alternate month budgeting denied her equal protection of the law in violation of the fourteenth amendment. Peske based this claim on the budgeting procedure's allegedly arbitrary distinction between "those households which receive and report non-exempt earned income" and "all other AFDC households." Peske further claimed that alternate month budgeting violated her fourteenth amendment right to due process by "conclusively presum(ing)" income received in one month "to be available to meet the needs of the recipient's household two months later." In addition, Peske alleged that alternate month budgeting was inconsistent with relevant provisions of the Social Security Act, specifically 42 U.S.C. § 602(a)(7) and (a)(10) (1976), and with applicable federal and state regulations.
 
 
 4
 Defendants moved to dismiss Peske's complaint under Fed.R.Civ.P. 12(b)(1), asserting her constitutional claims to be insubstantial. If that were true, defendants reasoned, then the district court lacked subject matter jurisdiction over the remainder of Peske's claims. Defendants noted that Peske brought this action under 42 U.S.C. § 1983 (1976) with federal jurisdiction asserted under 28 U.S.C. § 1343(3) and (4) (1976). In Chapman v. Houston Welfare Rights Organization, supra, the Court held that jurisdiction under section 1343 does not encompass a claim that a state welfare regulation is invalid because it conflicts with the Social Security Act.[4] Citing Chapman, the district court granted defendants' motion and dismissed Peske's complaint without considering the substantiality of her constitutional claims.
 
 
 5
 Peske concedes that neither her Social Security Act nor her state law claims gave the district court jurisdiction over her action. She argues, however, that given the substantiality of her constitutional claims, the district court could hear her Social Security Act and state law claims as a matter of pendent jurisdiction. E. g., Hagans v. Lavine, supra, 415 U.S. at 536, 94 S.Ct. at 1378. See Chapman v. Houston Welfare Rights Organization, supra, 441 U.S. at 618 n.36, 99 S.Ct. at 1916 n.36; id. at 675, 99 S.Ct. at 1946 (Stewart, J., dissenting); Herweg v. Ray, 619 F.2d 1265, at 1269 (8th Cir. 1980) (en banc) (equally divided court[5]); Oldham v. Ehrlich, 617 F.2d 163, at 168-169 (8th Cir. Mar. 12, 1980).
 
 
 6
 The determinative jurisdictional question is therefore whether Peske's complaint alleged a substantial constitutional claim. In this context the Court has defined a substantial constitutional claim as one not "essentially fictitious," "wholly insubstantial," "obviously without merit," or inescapably rendered frivolous by prior decisions. Hagans v. Lavine, supra, 415 U.S. at 537, 538, 94 S.Ct. at 1379 (citations omitted).
 
 
 7
 We doubt whether even under this unexacting test Peske's due process claim can be deemed substantial. See Oldham v. Ehrlich, supra, at 167 n.6. However, given the district court's failure to consider the substantiality of either of Peske's constitutional claims and the possible mootness of this case,[6] we decline the parties' respective invitations either to affirm or reverse the district court judgment on the record before us.[7]
 
 
 8
 The district court judgment is vacated and the case remanded for proceedings consistent with this opinion.
 
 
 
 [1]
 After appellants began this suit, the Secretary of Health, Education and Welfare promulgated regulations requiring states to use one of three prescribed budgeting methods in administering their AFDC programs. 45 C.F.R. §§ 233.21-233.29 (1979) (effective May 4, 1979). North Dakota subsequently amended its budgeting regulations. See N.D.A.C. § 75-02-01-05(9)(b) (amended effective Dec. 1, 1979). On remand the district court should determine whether these new regulations have mooted Peske's claims
 
 
 [2]
 The then-applicable North Dakota regulation provided in part: "Fluctuating earned income shall be budgeted so as to be deducted from the aid to families with dependent children grant the second month following the month in which the income was earned." N.D.A.C. § 75-02-01-05(9)(b) (1979). Federal regulations classify this procedure as a form of "retrospective budgeting." 45 C.F.R. § 233.21(b) (1979)
 
 
 [3]
 Appellants are AFDC recipients whose grants were temporarily reduced under North Dakota's alternate month budgeting procedure. Alternate month budgeting may, however, also work to increase a recipient's grant. If income received in a given month is less than that received in the previous month, the recipient's grant in the second month following will be in a greater amount than the next previous month's grant. The combination of income and grant must meet the sum which North Dakota regulations stipulate as the minimum level of income necessary to satisfy basic requirements for a decent standard of living. N.D.A.C. § 75-02-01-05(2)(b) (1979)
 
 
 [4]
 A Social Security Act claim would itself vest jurisdiction in a federal court if the amount in controversy exceeded $10,000. See 28 U.S.C. § 1331(a) (1976). In the present suit, however, Peske seeks no damages
 
 
 [5]
 On this jurisdictional point the court was undivided
 
 
 [6]
 See note 1 supra
 
 
 [7]
 A fortiori, we intimate no view on the merits of Peske's claims