NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0125n.06

No. 12-1503

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 04, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN D. SPENCER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DAVID J. STORK; SOURCE 1 METAL | ) | THE EASTERN DISTRICT OF |
| TREATMENT TECHNOLOGIES, L.L.C.; | ) | MICHIGAN |
| STORK TECHNOLOGIES, L.L.C., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.*

PER CURIAM.  John D. Spencer, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil complaint apparently filed pursuant to 28 U.S.C. § 1332.

In 2002, Spencer began working for David Stork and his companies, Stork Technologies, L.L.C. and Source 1 Metal Treatment Technologies, L.L.C. (Source 1).  Stork owns patents on a product known as "AMERIFORM," and Source 1 was created to distribute AMERIFORM.  Pursuant to an oral employment agreement, Spencer agreed to sell AMERIFORM products for Stork.  Spencer and Stork agreed that Spencer would receive twenty percent of the gross proceeds from any future sale of Source 1 or AMERIFORM patents.  After working for Stork for approximately six years, Spencer was indicted for possession and distribution of child pornography.  Although he stayed employed with Stork during the criminal proceedings, Spencer pleaded guilty to the receipt of child

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

pornography in February 2010. Stork wrote a letter of support for Spencer, requesting favorable treatment at sentencing. The district court eventually sentenced Spencer to five years of imprisonment. In August 2010, Stork issued a letter to Spencer terminating his position as a sales representative.

In February 2011, Spencer sued Stork and his companies, claiming that Stork's termination of his oral employment agreement constituted: (1) a breach of contract; (2) fraud; (3) a breach of good faith and fair dealing; and (4) a breach of fiduciary duty. In March, the defendants filed a motion to dismiss or for summary judgment, to which Spencer responded. Thereafter, Spencer filed a motion to amend his complaint, seeking to withdraw his breaches of good faith, fair dealing, and fiduciary duty claims. He sought to add claims that Stork engaged in an anticipatory breach of the parties' oral agreement and that Stork's conduct amounted to "conversion." The district court subsequently granted summary judgment to the defendants.

On appeal, Spencer argues that the district court erred when it: (1) construed the defendants' motion to dismiss as one for summary judgment without providing him with notice of its intent to consider matters outside of the pleadings and prematurely granted summary judgment for the defendants prior to any discovery; (2) concluded that Spencer's claims could not withstand summary judgment; and (3) concluded that Spencer's proposed amended claim for anticipatory breach of contract could not withstand summary judgment.

A review of the record indicates that the district court may have lacked subject-matter jurisdiction in this case. Spencer sought to file his complaint pursuant to section 1332. However, the record does not clearly establish that diversity of citizenship existed between the parties. The record establishes that Spencer was a citizen of Michigan prior to his incarceration in Ohio. The defendants appear to be Michigan citizens. Although the defendants did not challenge diversity jurisdiction in their dispositive motion, district courts are obligated to sua sponte consider whether they have subject-matter jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

We have held that there is a rebuttable presumption that a prisoner retains his former domicile after incarceration. *See Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973). Because the district court did not consider this issue, Spencer was not provided an opportunity to rebut the presumption that he is a Michigan citizen, thus depriving the district court of jurisdiction. Furthermore, there does not appear to be any other basis for federal jurisdiction in this case.

We vacate the district court's judgment and remand the case to the district court to consider whether the court has diversity jurisdiction in this matter.