RILEY, Chief Judge.
In this Religious Freedom Restoration Act (RFRA) case challenging the U.S. Department of Health and Human Services (HHS) contraceptive mandate under 42 U.S.C. § 2000bb-l(a),[2] Annex Medical, Inc. (Annex), Stuart Lind, and Tom Janas appeal the district court’s refusal to enjoin preliminarily the government from enforcing the mandate.
*581 I. BACKGROUND
Annex is a for-profit Minnesota corporation and at the time of filing had sixteen full-time employees and two part-time employees. When Annex filed this lawsuit, one of the ways Annex compensated its employees was by paying for a Blue Cross and Blue Shield of Minnesota (Blue Cross) group health insurance plan. This health plan covered contraceptives and had included such coverage for years.
Lind is the controlling shareholder of Annex. On religious grounds, Lind opposes both abortion and the use of contraceptives. Lind asserts he did not know the plans Annex purchased for its employees historically offered coverage for contraceptives. After Lind learned the Blue Cross plan contained this coverage, Annex continued to pay for its employees’ participation in the plan until Annex cancelled the policy as of January 31, 2013. At some point before canceling the policy, Lind asked Blue Cross “to exclude coverage for contraception, sterilization, abortifacient drugs and related education and counseling.” Although the Blue Cross plan was “not currently subject to” the regulation, Blue Cross itself refused to eliminate such coverage. (Emphasis added). Lind contacted three other Minnesota insurers, none of whom would sell Annex a plan without contraceptive coverage. According to Lind, no insurer would offer Annex such coverage even after this court issued a temporary injunction pending appeal.
At issue here is the district court’s denial of Annex and Lind’s motion for a preliminary injunction respecting the contraceptive mandate’s enforcement. Before the Supreme Court issued its opinion in Burwell v. Hobby Lobby Stores, Inc., 573 U.S.-, 134 S.Ct. 2751, 189 L.Ed.2d 675 (2014), the district court considered the four Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir.1981) (en banc), factors, and concluded the factors weighed in favor of the government. The district court denied the motion.
II. DISCUSSION
A. Janas
Although Janas appears on the notice of appeal, he did not join the preliminary injunction motion which forms the basis for this appeal. Its denial did not leave him personally “aggrieved.” Deposit Guar. Nat’l Bank v. Roper, 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). Because Janas has “no ‘direct stake’ in the outcome of th[is] appeal,” he lacks standing to appear before us. Hollingsworth v. Perry, 570 U.S.-,-, 133 S.Ct. 2652, 2662, 186 L.Ed.2d 768 (2013) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)); see also 28 U.S.C. § 1292(a)(1). Without opining whether Ja-nas’s “plans to purchase another business in 2013” gave him standing to participate in the underlying case, cf. Clapper v. Amnesty Int’l USA, 568 U.S.-,-, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013), we dismiss his appeal.
B. Annex and Lind
With respect to Annex and Lind, we find a different standing issue. According to the pleadings, Annex has fewer than fifty full-time employees, which means Annex has no government-imposed obligation to offer health insurance of any kind&emdash;let alone the contraceptive coverage to which Lind objects. See 26 U.S.C. § 4980H(a), (c)(2). Only if Annex volun- tarily chooses to offer insurance without the mandated contraceptive coverage, and this lack of contraceptive coverage is not “solely because of the health insurance coverage offered by such issuer,” 26 U.S.C. § 4980D(d)(1), will Annex be exposed to tax penalties. tax penalties.
*582 The standing problem is the pleadings and record contain no indication any Minnesota health insurer is willing, but for the mandate, to sell a plan allowing a small employer such as Annex to prohibit coverage for a handful of healthcare products and services. What few indications appear on the record are to the contrary. The complaint alleges Annex’s current insurer (whose grandfathered plan, unaffected by the mandate, covered contraceptives) would “not permit Annex[] to modify its group health plan to omit such coverage because [the insurer] requires all group health plans issued to employers with fewer than 50 employees to include such coverage.” Pending this appeal, our court preliminarily enjoined the federal defendants “from enforcing the mandate ... against Lind, Annex[ ], and any health insurance issuer when offering group health insurance coverage to Annex.” Annex Med., Inc. v. Sebelius, No. 13-1118, 2013 WL 1276025, at *3 (8th Cir. Feb. 1, 2013) (unpublished order) (emphasis added). Yet Lind informs us “the injunction has not enabled him to purchase” a plan conforming with his religious beliefs. According to Annex and Lind, “Group plan providers are unwilling to exclude some or any of the mandated coverage from their plans or do not currently offer a plan that excludes these items and are unwilling to submit such a plan to the Minnesota Department of Commerce for approval.” (Emphasis added).
RFRA does not allow the federal government substantially to burden Lind’s religious beliefs, as exercised through his closely-held corporation. See Hobby Lobby, 573 U.S. at -, -, 134 S.Ct. at 2779, 2785. But in protecting Lind’s exercise of religion, RFRA cannot injure the rights of other private parties. See City of Boerne v. Flores, 521 U.S. 507, 535-36, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997); see also id. at 536-37, 117 S.Ct. 2157 (Stevens, J., concurring); id. at 537-44, 117 S.Ct. 2157 (Scalia, J., concurring). Whether for political, moral, religious, administrative, or purely profit-driven reasons, health insurance issuers are free under RFRA to decline Annex’s business. See 42 U.S.C. § 2000bb-1(a) (applying RFRA only to the “Government”); City of Boerne, 521 U.S. at 535-36, 117 S.Ct. 2157 (limiting RFRA to the federal government).
Ultimately, it is unclear whether Annex’s alleged injury is caused by the government defendants and redressable by the federal courts. Article III requires Annex to prove “ ‘an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.’ ” United States v. Juvenile Male, 564 U.S. -, -, 131 S.Ct. 2860, 2863, 180 L.Ed.2d 811 (2011) (per curiam) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). Based on the pleadings and sparse record before us, we can only speculate whether Annex’s difficulties obtaining contraceptive-free insurance are (1) caused by the government defendants as opposed to the independent decisions of third-party insurers, and (2) redressable by the remedy available to Annex: a permanent version of the preliminary injunction Annex already received and which failed to redress Annex’s alleged injury. Yet “[t]ime and again the Supreme Court has reminded lower courts that speculation and conjecture are not injuries cognizable under Article III.” Wallace v. ConAgra Foods, Inc., 747 F.3d 1025, 1031 (8th Cir.2014).
Rather than resort to such speculation, we believe it best to vacate the district court’s denial and remand the case for additional analysis. See, e.g., Peske v. Tangedahl, 619 F.2d 729, 731 (8th Cir. 1980) (per curiam) (expressing our doubts as to jurisdiction but vacating and remand *583 ing in light of the district court’s failure to consider the issue); see also, e.g., Spencer v. Stork, 513 Fed.Appx. 557, 558 (6th Cir. 2013) (per curiam); Salmon Spawning & Recovery Alliance v. U.S. Customs & Border Prot., 550 F.3d 1121, 1134 (Fed.Cir. 2008); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 307 (2d Cir.1994). This will allow the district court to use its superior fact-finding abilities to determine, in the first instance, whether subject matter jurisdiction exists. See Fed.R.Civ.P. 12(b)(1); Jessie v. Potter, 516 F.3d 709, 712 (8th Cir.2008) (‘When a Rule 12(b)(1) ruling resolves disputed facts, the court can take evidence at a hearing.”); Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir.2002) (affirming a district court’s determination under Rule 12(b)(1), based on “factual determinations about the availability of th[e plaintiffs requested] relief,” that the .plaintiff lacked standing).
III. CONCLUSION
We dismiss Janas’s appeal, and as to Annex and Lind, we vacate the district court’s order and remand for further proceedings, beginning with the parties’ Article III standing.[3]

. Pursuant to the Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 300gg-13(a)(4), HHS promulgated regulations requiring "group health plants]” and “health insurance issuer[s] offering group or individual health insurance coverage” to cover, without “any cost-sharing requirements,” "[w]ith respect to women, ... evidence-informed preventive care and screenings provided for in binding comprehensive health plan coverage guidelines supported by the Health Resources and Services Administration.” 45 C.F.R. § 147.130(a)(l)(iv) (2013). At the recommendation of the Institute of Medicine, HHS adopted guidelines providing that rfonexempt employers generally must provide "coverage, without cost sharing, for all Food and Drug Administration (FDA) approved contraceptive methods, sterilization procedures, and patient education and counseling.” 77 Fed.Reg. k725, 8726 (Feb. 15, 2012) (internal marks and quotations omitted).

. On July 1, 2014, Annex and Lind filed a citation letter with this court, pursuant to Rule 280 of the Federal Rules of Appellate Procedure, identifying and quoting the Supreme Court's decision in Hobby Lobby. Because we remand this case on standing grounds, we need not, and do not, express an opinion on the impact of Hobby Lobby on the current case.