**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10420 |
| Plaintiff - Appellee, | D.C. No. CR-03-40212-DLJ |
| v. | |
| JULIO ALMAZAN-BECERRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Argued and Submitted June 10, 2008
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and FAIRBANK, District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Valerie Baker Fairbank, District Judge for the U.S.
District Court for Central California, sitting by designation.

In *United States v. Almazan-Becerra*, 537 F.3d 1094 (9th Cir. 2008), we affirmed the district court's application of the modified categorical approach and imposition of a 57-month sentence on Julio Almazan-Becerra. After we affirmed the district court, we stayed proceedings in this matter pending the final disposition in *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc), a case regarding the modified categorical approach. We invited the parties to submit supplemental briefs addressing the relevance and applicability of *Aguila-Montes de Oca* to this matter. Having reviewed the parties' supplemental briefs, we conclude that this matter is not moot, and that *Aguila-Montes de Oca* does not affect our prior decision. Thus, we do not disturb our prior decision, and we lift the stay on proceedings in this matter.

1. In criminal cases, the mootness requirement "means that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III." *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011). Here, Almazan-Becerra suffers a sufficient collateral consequence from his challenged expired sentence. Although Almazan-Becerra has served the entire 57-month sentence challenged here, he has since been convicted for another illegal reentry and is now facing sentencing. The challenged expired sentence is likely to have an

2

effect on the sentencing for that reentry. Because Almazan-Becerra suffers a collateral consequence sufficient to satisfy Article III, this matter is not moot.

2. "Under the modified categorical approach, we determine, in light of the facts in the judicially noticeable documents, (1) what facts the conviction necessarily rested on (that is, what facts the trier of fact was actually required to find); and (2) whether these facts satisfy the elements of the generic offense." *Aguila-Montes de Oca*, 655 F.3d at 940. "We avoid evidentiary disputes by relying only on documents that give us the certainty of a generic finding, including the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 937 (internal quotation marks and citation omitted). This list of documents is illustrative. *Id.* (citing *United States v. Snellenberger*, 548 F.3d 699, 701–02 (9th Cir. 2008)). Thus, "documents of equal reliability may also be considered." *Chuen Piu Kwong v. Holder*, --- F.3d ----, 2011 WL 6061513, at *5 (9th Cir. Dec. 7, 2011) (quoting *Snellenberger*, 548 F.3d at 701)).

Here, the police reports contained in the state court file and stipulated to in the plea colloquy are documents of equal reliability to those listed in *Aguila-Montes de Oca*. The police reports are of equal reliability because Almazan-Becerra, as stipulated in the plea colloquy, assented to the facts contained in the

3

police reports. Thus, *Aguila-Montes de Oca* does not affect our conclusion that the district court properly relied on the police reports and properly applied the sentence enhancement.

For the above reasons, we do not disturb our prior decision, and we lift the stay on proceedings in this matter.

**STAY LIFTED.**