**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50513 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-678-MMM-1 |
| v. | |
| MEDHI ILKHANI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: M. SMITH and MURGUIA, Circuit Judges, and ZOUHARY, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

1

Defendant-Appellant Medhi Ilkhani appeals the district court's order revoking and reimposing a term of supervised release, which expired May 13, 2012. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. This appeal is now moot. Therefore, we lack jurisdiction and dismiss.

A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2 of the Constitution, which demands that "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). In criminal appeals, "[a]n incarcerated convict's (or parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Id.* "But when a defendant challenges only an expired *sentence*," his appeal loses the presumption of validity. *See United States v. Juvenile Male*, __ U.S. __, 131 S. Ct. 2860, 2864 (2011). To demonstrate his appeal is not moot, Ilkhani bears "the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks and alteration omitted).

Ilkhani fails, however, to identify any ongoing collateral consequences sufficient to meet the case-or-controversy requirement of Article III, and instead admits his appeal now is moot. He argues only that we should remand the case to the district court with instruction to vacate the order from which he appeals. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950) (noting vacatur "clears the path for future relitigation of the issues between the parties" and prevents "a judgment, unreviewable because of mootness, from spawning any legal consequences"). But *Munsingwear* is a civil doctrine, and we need not apply it here. *See id.* at 39; *United States v. Tapia-Marquez*, 361 F.3d 535, 537–38 (9th Cir. 2004) (declining to apply *Munsingwear* in an appeal from an expired sentence).

Accordingly, we lack jurisdiction to hear this appeal.

**DISMISSED AS MOOT.**