FILED
United States Court of Appeals
Tenth Circuit

June 11, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JAMES K. CONKLETON,

       Plaintiff-Appellant,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado Department of Corrections (CDOC); JOE STOMMEL, in his official capacity as the Program Administrator of the Sex Offender Treatment and Monitoring Program (SOTMP) for the CDOC; JOHN MCGILL, in his individual and official capacities as Treatment Provider for the SOTMP; BONNIE CANTU, in her individual and official capacities as Treatment Provider for the SOTMP; JAMES LANDER, in his individual and official capacities as Treatment Provider for the SOTMP; ED MURO, in his individual and official capacities as a Correctional Officer I for the CDOC; RICHARD DEGROOT, in his individual and official capacities as a Case Manager for the CDOC; CATHIE HOST, in her official capacity as Manager for the Office of Correctional Legal Services for the CDOC; THOMAS MISEL, in his individual and official capacities as Case Manager Supervisor for the CDOC; AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Correctional Facility; RICHARD LIND, in his individual and official capacities as a Correctional Officer V,

       Defendants-Appellees.

No. 11-1535
(D.C. No. 1:08-CV-02612-WYD-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **MATHESON**, Circuit Judge.

James K. Conkleton, a Colorado state prisoner proceeding pro se,[1] appeals

from the district court's order denying his motion to supplement his complaint. The

defendants, Colorado corrections officials, move to dismiss the appeal as moot.

Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the

appeal.

## I. BACKGROUND

Mr. Conkleton is serving a ten-year-to-life prison sentence under Colorado's

Sex Offender Lifetime Supervision Act (SOLSA), Colo. Rev. Stat. §§ 18-1.3-1001 to

1012. Under SOLSA, he is required to participate in the two-phase Sex Offender

Treatment and Monitoring Program (SOTMP). *See id*. § 18-1.3-1004(3) (requiring

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Conkleton is proceeding pro se, we construe his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

treatment); Admin. Reg. 700-19 (setting out scope and limits of sex offender treatment services).

Mr. Conkleton began Phase I treatment, but was terminated after having six unexcused absences from treatment sessions. He filed a complaint under 42 U.S.C. § 1983 asserting that the denial of re-entry into Phase I treatment violated his due process rights.[2] He requested damages, an injunction ordering immediate placement into Phase I, and a declaration that SOLSA and the regulation are unconstitutional as applied to him.

The defendants moved to dismiss. The magistrate judge recommended dismissal of the damages part of the claim only. About two months later, the defendants moved to dismiss the declaratory and injunctive relief requests as moot because Mr. Conkleton had re-entered Phase I treatment. The district court granted the motion and also adopted the magistrate judge's recommendation to dismiss the damages request, thereby disposing of the § 1983 due process claim.

Mr. Conkleton next moved for leave to supplement his complaint with a new due process claim challenging the denial of his entry into Phase II treatment. He had completed Phase I treatment and was on a waiting list for Phase II, but he was not eligible for Phase II treatment until February 2012 because he was on close custody disciplinary status for assaulting a prison staff member in 2005 and because his

---

[2] Mr. Conkleton's other claims in his complaint are not relevant to this proceeding.

- 3 -

minimum sentence was greater than six years. Mr. Conkleton sought an injunction ordering his placement in Phase II and a declaration that SOLSA creates a liberty interest in treatment regardless of classification.

The district court denied the motion to supplement. It found that the new claim was not the same as Mr. Conkleton's original claim. The court also determined that amending the complaint would be futile because it failed to state a claim under Fed. R. Civ. P. 12(b)(6).

Mr. Conkleton appeals the denial of his motion to supplement his complaint. The defendants move to dismiss this appeal as moot.

## II.  DISCUSSION

The defendants contend that because Mr. Conkleton was admitted into Phase II in April 2012, he no longer has a redressable injury. They further contend that Mr. Conkleton cannot show an expectation that he will again be placed on a waiting list for participation in Phase II and that he would receive due process — notice and a hearing — before termination from Phase II. Mr. Conkleton counters that the appeal is not moot because the voluntary cessation exception to the mootness doctrine applies and because he sought a declaratory judgment with respect to the underlying treatment policies.

A.  Mootness

"Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of 'Cases' or "Controversies.'" *Jordan v. Sosa*, 654 F.3d

- 4 -

1012, 1019 (10th Cir. 2011) (quoting U.S. Const. art. III, § 2, cl. 1). This case-or-controversy limitation requires that parties continue to have a personal stake in the outcome of a lawsuit during all stages of litigation, including appellate review. *See United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

At the outset of litigation, a plaintiff must demonstrate standing under Article III by showing "(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury." *Jordan*, 654 F.3d at 1019. Even if these elements are satisfied, a case or controversy may become moot during the course of litigation, requiring dismissal. Mootness may occur if, "due to intervening events, [the plaintiff] loses one of the elements of standing during litigation." *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012). For example, if a federal court can no longer redress a plaintiff's alleged injury with a favorable judicial decision—the third element of standing—the case is moot. *See Rhodes v. Judiscak*, 676 F.3d 931, 933 10th Cir.), *cert. denied*, 133 S. Ct. 29 (2012); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit."). Defendants bear the burden to prove mootness. *See WildEarth Guardians*, 690 F.3d at 1183.

B. Voluntary Cessation Exception

Mr. Conkleton correctly states that "[o]ne exception to a claim of mootness is [defendants'] voluntary cessation of an alleged illegal practice which [they are] free to resume at any time." *Rio Grande Silvery Minnow*, 601 F.3d at 1115 (internal quotation marks omitted).

> Voluntary actions may . . . moot litigation if two conditions are satisfied: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction.

*Id.* (brackets, citations, and internal quotation marks omitted). "Courts recognize that defendants should not be able to evade judicial review . . . by temporarily altering questionable behavior." *WildEarth Guardians*, 690 F.3d at 1183 (internal quotation marks omitted). "Thus, a defendant claiming that . . . voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (internal quotation marks omitted). This burden "frequently has not prevented government officials from discontinuing challenged practices and mooting a case." *Rio Grande Silvery Minnow*, 601 F.3d at 1116.

We assume, without deciding, that the defendants' placement of Mr. Conkleton in Phase II treatment amounted to a voluntary cessation of the alleged denial of treatment. But the defendants have shown that the voluntary cessation

- 6 -

exception does not apply here because "there is no reasonable expectation that the alleged violation will recur." *Id.* at 1117 (internal quotation marks omitted). Mr. Conkleton's assertion that he could be removed from Phase II is at most speculative. *See id.* Any future termination depends upon his own actions and misbehavior. Indeed, defendants are not free to terminate Mr. Conkleton from Phase II upon their whim. As they point out, Mr. Conkleton is entitled to due process protections before he may be terminated from Phase II. *See* Admin. Reg. 700-32. Mr. Conkleton does not counter the defendants' argument with a showing that the defendants temporarily placed him in Phase II or that they plan to remove him from Phase II. *See WildEarth Guardians*, 690 F.3d at 1183.

C. Declaratory Judgment Request

Mr. Conkleton further asserts that his request for declaratory relief regarding the treatment policies is sufficient to keep the controversy alive because his participation in Phase II occurred due to a change in his custody status based solely on the defendants' policies. Thus, he maintains that it was not his own acts but voluntary acts of the defendants in changing his custody level that resulted in his participation in Phase II. These arguments are not persuasive for much the same reasons his voluntary cessation exception argument fails.

"Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit." *Rio Grande Silvery Minnow*, 601 F.3d at 1109. For this court to exercise jurisdiction, the request for declaratory relief must

- 7 -

settle a dispute affecting the defendants' behavior toward the plaintiff. *Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1147 (10th Cir. 2007). The plaintiff must show "a good chance" that the defendants will injure him in the same way in the future. *Id.* And he "must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." *Jordan*, 654 F.3d at 1025.

Mr. Conkleton's own actions caused his close custody classification. It is speculative whether the defendants will place him in close custody again or that their custody policies will apply to him again in the future. Should that situation occur, Mr. Conkleton would have the opportunity to challenge the policies at that time. Thus, a declaratory judgment would not settle a dispute affecting the defendants' behavior. Because there is "no substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," we cannot "grant any effective relief, making the appeal before us moot." *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 893 (10th Cir. 2008).

In this case, "interim . . . events have completely and irrevocably eradicated the effects of the alleged violation." *Rio Grande Silvery Minnow*, 601 F.3d at 1115 (internal quotation marks omitted). Mr. Conkleton is participating in Phase II treatment. His placement in Phase II has eradicated the effects of his temporary removal from the sex offender treatment program.

\*　　\*　　\*

The record fails to indicate that the defendants placed Mr. Conkleton into Phase II treatment to deprive this court of jurisdiction. Accordingly, we conclude that the defendants have met their burden of proving this appeal is moot. We have no jurisdiction over this appeal.

## III. CONCLUSION

We grant the defendants' motion to dismiss and dismiss this appeal as moot. We remand to the district court for further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge