**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10373 |
| Plaintiff - Appellant, | D.C. No. 2:09-cr-00303-JCM-VCF-1 |
| v. | |
| ERIC LEON CHRISTIAN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 18, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and M. SMITH, Circuit Judges.

The United States appeals the district court's order on remand dismissing as

moot a case in which Eric Leon Christian was convicted of two counts of making a

threat through interstate communications in violation of 18 U.S.C. § 975(c). This

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court previously held that the district court applied the wrong legal standard in precluding an expert's testimony, vacated the conviction, and remanded for a new trial. On remand, the district court dismissed the case as moot on the ground that Christian had completed serving his sentence and he had been discharged from supervised release.

We have jurisdiction under 18 U.S.C. § 3731 and review the question of mootness de novo, *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012). We reverse and remand.

I

A criminal case is not moot simply because a defendant is no longer incarcerated. In *Spencer v. Kemna*, the Supreme Court explained that "[o]nce the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." 523 U.S. 1, 7 (1998).[1]

"When the defendant challenges his underlying conviction, [the Supreme] Court's cases have long presumed the existence of collateral consequences." *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (emphasis omitted).

---

[1] The Court held that, unlike a criminal conviction, a wrongful parole violation does not carry a presumption of continuing collateral consequences once the sentence has been fully served. *Kemna*, 523 U.S. at 14.

2

In *Sibron v. New York*, the Court stated that it had "abandoned all inquiry into the actual existence of specific collateral consequences and in effect presumed that they existed." 392 U.S. 40, 55 (1968) (citing *Pollard v. United States*, 352 U.S. 354 (1957)). "Thereafter, and in summary fashion, [the Court] proceeded to accept the most generalized and hypothetical of consequences as sufficient to avoid mootness in challenges to conviction." *Kemna*, 523 U.S. at 10 (citing *Benton v. Maryland*, 395 U.S. 784, 790–91 (1969); *Pennsylvania v. Mimms*, 434 U.S. 106, 108 n.3 (1977) (per curiam); *Minnesota v. Dickerson*, 508 U.S. 366 (1993)).[2]

The government may invoke the possibility of imposing collateral legal consequences to show that a case is not moot. In *Pennsylvania v. Mimms*, Pennsylvania sought review of the state supreme court's decision reversing the defendant's conviction for carrying a concealed deadly weapon and a firearm without a license. In the defendant's opposition to Pennsylvania's petition for a writ of certiorari, he argued that the case was moot because he had already completed serving his sentence. 434 U.S. at 108 n.3. The Supreme Court rejected that argument:

---

[2] The *Kemna* Court indicated that the presumption is a reasonable one. "In the context of criminal conviction, the presumption of significant collateral consequences is likely to comport with reality. As we said in *Sibron*, it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'" *Id.* at 12 (quoting *Sibron*, 392 U.S. at 55).

3

> [T]he possibility of a criminal defendant's suffering "collateral legal consequences" from a sentence already served permits him to have his claims reviewed here on the merits. If the prospect of the State's visiting such collateral consequences on a criminal defendant who has served his sentence is a sufficient burden as to enable him to seek reversal of a decision affirming his conviction, the prospect of the State's inability to impose such a burden following a reversal of the conviction of a criminal defendant in its own courts must likewise be sufficient to enable the State to obtain review of its claims on the merits here.

*Id.* The Court then made clear that the conviction's impact on bail, sentencing, and probation considerations in any future criminal proceedings constituted sufficient collateral legal consequences to render the case not moot:

> In any future state criminal proceedings against respondent, this conviction may be relevant to setting bail and length of sentence, and to the availability of probation. In view of the fact that respondent, having fully served his state sentence, is presently incarcerated in the federal penitentiary at Lewisburg, Pa., we cannot say that such considerations are unduly speculative even if a determination of mootness depended on a case-by-case analysis.

*Id.* (citations omitted).

Here, Christian argues that he would not suffer any collateral legal consequences because he is a "defendant with two prior federal felony convictions and for whom a potential additional federal felony conviction would, at best, serve only a theoretical, abstract purpose." However, as the government correctly argues, a conviction in this case would add at least three criminal history points to Christian's sentencing guidelines calculation for any future federal conviction—a

4

clear collateral consequence. *See* U.S. Sentencing Guidelines Manual § 4A1.1(a) (U.S. Sentencing Comm'n 2015) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month."). Because Christian already has two felony convictions (and the third conviction vacated in this case), it is not "unduly speculative" to conclude that he might be prosecuted once again, and a conviction in this case would be considered as part of his sentencing in that future prosecution.

Therefore, we hold that this case is not moot.

## II

Christian also argues that the court could affirm on the alternative basis that the dismissal was a proper exercise of the trial court's supervisory authority. However, the district court clearly did not in fact dismiss the case as an exercise of its supervisory authority. The district court's order addressed solely the issue of mootness, and it concluded "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this matter is dismissed *as moot*." (emphasis added).

Moreover, there is no reason to affirm on the basis that the district court could have possibly exercised such authority. "[B]ecause dismissing an indictment with prejudice encroaches on the prosecutor's charging authority, this sanction may be permitted only in cases of flagrant prosecutorial misconduct." *United*

*States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008) (internal quotation marks omitted). Here, there was no prosecutorial misconduct warranting dismissal.

Thus, we decline to affirm the dismissal as an exercise of the district court's supervisory authority.

III

For the foregoing reasons, the district court's order is **REVERSED**, and this case is **REMANDED** for retrial.