DISSENT
KETHLEDGE, Circuit Judge,
dissenting.
Generally, if a defendant does not challenge the validity of his conviction but rather challenges only his sentence or some portion of it, his appeal is moot once the challenged portion of the sentence has expired. See United States v. Juvenile Male, 564 U.S. 932, 936, 131 S.Ct. 2860, 180 L.Ed.2d 811 (2011). The exception is *507 where the challenged portion of the sentence (say, his term of imprisonment) has “ongoing collateral consequence[s]” for the defendant even after that portion expires. Id. (internal citation and quotation marks omitted). But we do not presume that an expired portion of a defendant’s sentence has such ongoing effect. Id. Instead, the defendant must show affirmatively that the expired sentence has “some ongoing ‘collateral consequence’ ” that is both “ ‘traceable’ to the challenged portion of the sentence and ‘likely to be redressed by a favorable judicial decision.’ ” Id. (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).
Albaadani has not shown any of that here. He challenges only his term of imprisonment, which has expired. But he asserts that his now-expired term of imprisonment potentially does have ongoing consequences, because he will be on supervised release for a year, and if he violates the terms of his release, the district court allegedly might sentence him more harshly because of his Yemeni nationality. Even if one accepts that assertion on its terms, however, that harm is “too speculative—‘a possibility rather than a certainty or even a probability’—to keep [Albaa-dani’s] controversy alive.” See Witzke v. Brewer, 849 F.3d 338, 342 (6th Cir. 2017) (quoting Spencer, 523 U.S. at 14, 118 S.Ct. 978). Of course, if the district court had based the length of Albaadani’s supervised-release term in part on the length of his (now-expired) prison term, the length of his supervised-release term could be a consequence of the length of his prison term. See Juvenile Male, 564 U.S. at 936, 131 S.Ct. 2860. But there is nothing in the record to suggest any such connection here. Nor is there anything to suggest that the district court would “likely” reduce Albaadani’s supervised-release term if we upheld his challenge to his prison term.. His appeal is therefore moot.
In holding otherwise, the Majority relies upon the mootness standard from our decision in Solano-Rosales, 781 F.3d 345 (6th Cir. 2015). But that standard is inconsistent with the Supreme Court’s mootness standard in Juvenile Male. And the holding of Juvenile Male, by its terms, applies not only in cases where the defendant’s term of supervised release has expired (as happened to be the fact there), but in any “criminal case[]” in which the defendant seeks to continue his appeal after “the challenged portion of [his] sentence” has expired. 564 U.S. at 936, 131 S.Ct. 2860. This is such a case, and that holding therefore applies here.
I respectfully dissent to our exercise of jurisdiction in this case, and would dismiss the appeal as moot.