[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  16-10279
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00231-JDW-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 4, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Octavio Sanchez appeals the district court's denial of a minor-role reduction,

under U.S.S.G. § 3B1.2.  The government has moved to dismiss Sanchez's appeal

as moot because he has served his term of imprisonment and has been removed

from the United States.  We carried the government's motion with the case and

ordered the parties to address the issue of mootness in their remaining briefs.

We must examine our own jurisdiction *sua sponte*, and review jurisdictional

issues *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

A case becomes moot on appeal when "it no longer presents a live

controversy with respect to which the court can give meaningful relief."  *United*

*States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quoting *Najjar v.*

*Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).  Thus, the key question in

determining mootness is whether events have occurred that deprive a court of the

ability to grant meaningful relief.  *Id.*  Where a convict's sentence has expired,

there must be some "collateral consequence" of the conviction, other than his

incarceration itself, to maintain his suit.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

However, a convict's injury may not be contingent upon his later breaking the law

and being caught and convicted.  *Id.* at 15 (rejecting the argument that parole

revocation was a collateral consequence of his conviction because it could be used

to enhance a future sentence).  When the defendant challenges the underlying

conviction, a collateral consequence is presumed. *United States v. Juvenile Male*,

564 U.S. 932, 936 (2011).  However, where a defendant challenges only an expired

sentence, no such presumption applies, and "the defendant must bear the burden of

2

identifying some ongoing 'collateral consequenc[e]' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision." *Id.* (quotation omitted) (alteration in original).

In an appeal of a sentence by the government, we have determined that the defendant's deportation did not moot the government's appeal of the defendant's sentence of probation. *United States v. Orrega*, 363 F.3d 1093, 1095 (11th Cir. 2004). We noted that the possibility of the defendant reentering the United States was speculative but nevertheless sufficed to maintain a live case. *Id.*

Sanchez has not met his burden of showing an ongoing collateral consequence of the district court's denial of a minor-role reduction that likely would be redressed by a favorable judicial ruling since he has served his imprisonment sentence and been deported. *See Juvenile Male*, 564 U.S. at 936. Sanchez did not respond to the government's motion to dismiss and did not file a reply addressing mootness. Accordingly, the government's motion to dismiss is

**GRANTED**.

3