# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

LUIS FELIPE CASTELLON,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:16-CR-54-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Luis Castellon pleaded guilty of being found unlawfully in the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41312

States after deportation in violation of 8 U.S.C. § 1326(a) and (b) and was sentenced to imprisonment but no supervised release.  Castellon was released from custody on December 14, 2017, then submitted a letter stating that his appeal was moot in light of his release and deportation.

"The question of whether an appeal is moot is jurisdictional."  *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011).  "In criminal cases . . . a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III."  *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011).  Where the defendant has challenged only his expired sentence, he has "the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision."  *Id.* (internal quotation marks, modification, and citation omitted).

Because Castellon has been released from prison, was not sentenced to supervised release, challenges only his sentence on appeal, and fails to identify any ongoing collateral consequence, the appeal is DISMISSED as moot.