# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40698
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER GARZA-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:14-CR-39-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The July 3, 2019 opinion was issued in error. It is WITHDRAWN and the following is SUBSTITUTED in its place:

Javier Garza-Flores pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b), and was sentenced below the advisory guidelines range to 54 months of imprisonment and no term of supervised release. Garza-Flores was released from custody on April 16, 2018.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40698

"The question of whether an appeal is moot is jurisdictional." *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). "In criminal cases . . . a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). Where the defendant has challenged only his expired sentence, he has "the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks, modification, and citation omitted).

As Garza-Flores has been released from prison, was not sentenced to a term of supervised release, challenges only his sentence on appeal, and fails to identify any ongoing collateral consequence, his appeal is DISMISSED AS MOOT.