# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2019

No. 18-41040
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-227-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Thomas was convicted by a jury of intentionally causing damage, without authorization, to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A). *United States v. Thomas*, 877 F.3d 591, 592 (5th Cir. 2017). The district court sentenced Thomas to time served plus three years of supervised release and ordered him to pay $131,391.21 in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restitution. *Id.* at 594. We affirmed Thomas's conviction and sentence. *Id.* at 600.

On October 10, 2018, Thomas filed a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1), contending that the sentencing factors found in 18 U.S.C. § 3553 supported his position. The Government opposed Thomas's motion, and the district court denied it. In its order of denial, the district court stated that, in so ruling, it had considered Thomas's motion. On appeal, Thomas argues that the district court abused its discretion by "failing to provide any explanation" when it summarily denied his motion. Thomas's term of supervise release ended on August 29, 2019.

"The question of whether an appeal is moot is jurisdictional." *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). "In criminal cases . . . a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). When the defendant has challenged only his expired sentence, he has "the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks, modification, and citation omitted).

Because Thomas challenges only his now-expired term of supervised release on appeal and fails to identify any ongoing collateral consequence, his appeal is DISMISSED AS MOOT.