[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12163
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cr-00008-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

SERGIO LUIS HILARIO-CANA,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 7, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Sergio Hilario-Cana appeals his sentence of eight months of imprisonment for unlawfully reentering the United States. 8 U.S.C. § 1326(a). Hilario-Cana challenges the substantive reasonableness of his sentence. After the parties submitted their briefs, the Bureau of Prisons released Hilario-Cana from custody. We dismiss Hilario-Cana's appeal as moot.

We consider *sua sponte* whether Hilario-Cana's appeal is moot. "[B]ecause the question of mootness is jurisdictional in nature, it may be raised by the court *sua sponte*, regardless of whether the district court considered it or if the parties briefed the issue." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005). We review *de novo* the issue of mootness. *Id.* at 1331.

The jurisdiction of the federal courts is limited to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. An appeal becomes moot when it no longer presents a "live" controversy or a ruling on the issues would have no practical significance. *See Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). In such a circumstance, "dismissal is required because mootness is jurisdictional." *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

2

Hilario-Cana's challenge to the substantive reasonableness of his sentence is moot. "In criminal cases, . . . a defendant wishing to continue his appeal after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (citing *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998)). Hilario-Cana's only argument on appeal is that his sentence of imprisonment for eight months is substantively unreasonable, but he has already served that sentence of imprisonment. So we can provide Hilario-Cana no meaningful relief and his appeal is moot.

We **DISMISS** Hilario-Cana's appeal.