NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020
Decided January 7, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1205

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 03-cr-135-bbc-1 |
| RANDALL E. SPRINGEN,<br>*Defendant-Appellant.* | Barbara B. Crabb,<br>*Judge.* |

**O R D E R**

Randall Springen was convicted of, and served a prison sentence for, distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). While on supervised release, he tested positive for cocaine and failed to report to his probation officer. Although Springen challenged the reliability of the drug tests, the district court ruled that the tests were sufficiently trustworthy and found that Springen violated the terms of his supervision. The court revoked Springen's supervised release and sentenced him to five months' imprisonment without any further supervised release. Springen filed a notice of appeal, but his appointed lawyer argues that this appeal is frivolous as moot—Springen's sentence ended on June 28, 2019—and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Springen has not responded to counsel's motion. *See* CIR. R. 51(b).

Counsel is correct that Springen's appeal is moot. Bureau of Prisons records confirm that Springen was released on June 28, 2019. Because Springen has completed his sentence and faces no collateral consequences from the revocation of supervised release, this appeal can no longer provide him any relief. *See Spencer v. Kemna*, 523 U.S. 1, 7, 12, 14 (1998). According to counsel, Springen wishes to continue with the appeal because, Springen believes, an appellate ruling that his drug test was unreliable could benefit future supervisees who are asked to take similar drug tests. But as counsel rightly concludes, a "possible, indirect benefit in a future lawsuit cannot save *this* case from mootness." *United States v. Juvenile Male*, 564 U.S. 932, 937 (2011).

We GRANT counsel's motion to withdraw and DISMISS the appeal as moot.