NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2020[*]
Decided February 11, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 19-2052 and 19-2415

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CR-223 |
| PETER M. BERNEGGER, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

## O R D E R

In these consolidated appeals, Peter Bernegger challenges modifications to the conditions of his supervised release requiring him to make monthly restitution payments and to disclose information about his finances. But his term of supervised

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

release has already ended, and he cannot show that he suffers any collateral consequences, so we lack jurisdiction to review the orders he challenges.

Bernegger was convicted of mail fraud and bank fraud, 18 U.S.C. §§ 1341 & 1344, in the Northern District of Mississippi and sentenced to terms of imprisonment and supervised release. The trial court also ordered him to pay $1,725,000.00 in restitution and, though it did not set a payment schedule, required him to make equal monthly payments towards restitution as a condition of his supervised release. After he completed his prison term (during which he paid $575 towards restitution) and obtained permission to move to Wisconsin, the Eastern District of Wisconsin accepted jurisdiction over his supervised release in December 2018. *See* 18 U.S.C. § 3605.

Four years after Bernegger's release, he had paid no additional restitution. As a result, the Probation Office petitioned the court to modify his conditions of supervised release to include a restitution payment schedule. At a hearing on the petition, the district court set a monthly payment schedule of $100 or 20 percent of his after-tax income. *See* 18 U.S.C. § 3583(e)(2). It later held two hearings to assess his compliance, where it also ordered him to cooperate with the U.S. Attorney's Financial Litigation Unit about his financial status.

Bernegger filed notices after the first and last hearings (appeal Nos. 19-2052 and 19-2415), appealing all rulings made during the hearings, and another notice of appeal after the district court discharged him from supervised release in September 2019 (appeal No. 19-2845). We consolidated the first two appeals at his request and dismissed the third as unnecessary because the district court made no rulings after he filed his second notice of appeal.

Because Bernegger's term of supervised release has already ended, we must first determine whether his two direct appeals are moot. *See United States v. Larson*, 417 F.3d 741, 747 (7th Cir. 2005). Though neither party addressed mootness in their briefs or their amended jurisdictional statements, we have an independent duty to assess our jurisdiction. *See Minnesota Life Ins. Co. v. Kagan*, 724 F.3d 843, 846 (7th Cir. 2013).

A justiciable case or controversy must exist at all stages of review, and in criminal cases, "this requirement means that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). Bernegger's appeals therefore present a live controversy only if he continues to face a "collateral consequence"—a legal disadvantage—because of the

modification orders he challenges. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998); *Lane v. Williams*, 455 U.S. 624, 631–33 (1982). We can discern none.

The modification orders did no more than require Bernegger to pay a portion of what he already owed as part of the judgment in his criminal case, *see United States v. Sawyer*, 521 F.3d 792, 797 (7th Cir. 2008), and facilitate his inevitable contact with the Financial Litigation Unit. Bernegger's restitution obligation survived his completion of his term of supervised release, and that obligation has been previously affirmed on direct appeal. *See United States v. Bernegger*, 661 F.3d 232, 242 (5th Cir. 2011). In these appeals, we cannot grant him any effective relief from supervised-release conditions to which he is no longer subject. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996); *cf. Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (criminal appeal not moot if there is "any potential benefit" to defendant (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001))). Insofar as he seeks the return of $300 he believes he paid according to an improperly entered payment schedule, we cannot undo the court's condition after it has expired. And he cannot argue that he did not owe the money. Bernegger asserts that he was forced to go into debt to satisfy the payment schedule, but that is not the type of ongoing injury that would save these appeals. *See Lane*, 455 U.S. at 632–33 (explaining qualities of "civil disabilities" and legal consequences that can keep a direct criminal appeal live).

DISMISSED