# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13457

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HELMER ROBERTO JARAMILLO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00226-WFJ-TGW-1

_____

2                     Opinion of the Court                     22-13457

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Helmer Jaramillo, Jr. appeals his 24-month imprisonment sentence imposed upon revocation of his supervised release, challenging the procedural and substantive reasonableness of his sentence. However, Jaramillo was released from custody on January 18, 2024, and is not presently serving an additional term of supervised release. Therefore, because Jaramillo's federal sentence has been discharged and no continuing collateral consequences of his sentence can be demonstrated, his appeal no longer presents a live controversy that would "likely . . . be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7-16 (1998) (quotation marks omitted) (holding that a court will not presume collateral consequences exist where a judgment revokes parole and noting that assertions that a parole violation could be used in determining future eligibility for parole or could be used to increase future criminal sentences were not sufficient showings to overcome mootness); *United States v. Juvenile Male,* 564 U.S. 932, 936-39 (2011) (holding that the Ninth Circuit lacked jurisdiction to consider the case on the merits where, at the time of its decision, the defendant's juvenile suspension had expired, he was no longer required to register as a sex offender, and no other mootness exception applied).

Accordingly, this appeal is **DISMISSED**, *sua sponte*, as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.