[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12252

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARTINEZ WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cr-00147-MLB-AJB-1

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Martinez Williams appeals the district court's order sentencing him to 11 months' imprisonment upon revoking his term of supervised release. Because Williams has now completed his sentence, we asked the parties if the appeal is moot. Upon review of the record and the parties' responses to the jurisdictional question, we conclude that we lack jurisdiction over the appeal.

Williams's appellate brief challenges his now-expired sentence. However, any challenge to his sentence has been rendered moot by its completion because he has failed to show that he is subject to collateral consequences stemming from the expired sentence. *See United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (holding that, to satisfy Article III's case-or-controversy requirement, a defendant who wishes to continue his appeal after the expiration of his sentence must show a "continuing injury" or "collateral consequence"); *Spencer v. Kemna*, 523 U.S. 1, 3, 14-17 (1998) (holding that a habeas petitioner's challenge to his parole revocation was moot, where he had already served the underlying sentence and failed to show sufficient collateral consequences stemming from the revocation); *United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir. 1991) (dismissing as moot a defendant's sentencing issue on direct appeal because he had completed his sentence and had not "advanced any argument that 'there may be benefits . . . in having his sentence reduced after he has already served [it]'").

23-12252                Opinion of the Court                3

Accordingly, this appeal is DISMISSED for lack of jurisdiction.