[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10955

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC MAURICE FAIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:20-cr-00024-TES-CHW-1

_____

2                    Opinion of the Court                    24-10955

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Eric Fair appeals from the district court's judgment revoking his supervised release and sentencing him to eight months' imprisonment. Jessica Lee, appointed counsel for Fair on appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

However, Fair was released from custody on May 15, 2024, and is not presently serving an additional term of supervised release. Therefore, because Fair's federal sentence has been discharged and no continuing collateral consequences of his revocation or sentence can be demonstrated, his appeal no longer presents a live controversy that would "likely . . . be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7-16 (1998) (quotation marks omitted) (holding that a court will not presume collateral consequences exist where a judgment revokes parole and noting that assertions a parole violation could be used in determining future eligibility for parole or could be used to increase future criminal sentences were not sufficient showings to overcome mootness); *United States v. Juvenile Male,* 564 U.S. 932, 936-39 (2011) (holding that the Ninth Circuit lacked jurisdiction to consider the case on the merits where, at the time of its decision, the defendant's juvenile suspension had expired, he was no longer required to register as a sex offender, and no other mootness exception applied); *United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir. 1991)

24-10955                Opinion of the Court                3

(concluding that defendant's sentencing issue on direct appeal was moot because he had completed his sentence and had not "advanced any argument that there may be benefits in having his sentence reduced after he has already served that sentence" (quotation marks and ellipsis omitted)).

Accordingly, this appeal is **DISMISSED**, *sua sponte*, for lack of jurisdiction because it is now moot. Counsel's motion to withdraw is **DENIED** as moot.