[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11281
Non-Argument Calendar

_____

D. C. Docket No. 06-00221-CR-ORL-28-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO RODRIGUEZ CORREA,
a.k.a. Hugo Correa,
a.k.a. Hugo Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 15 ,2007)

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Hugo Rodriguez-Correa appeals his 46-month sentence for illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Rodriguez-Correa raises five arguments: 1) that his Fifth and Sixth Amendment rights were violated where the district court used his prior convictions that were not alleged in the indictment or proven to a jury beyond a reasonable doubt to enhance his sentence; 2) the absence of an "explicit and clearly defined fast-track" program in the Middle District of Florida violates Rodriguez-Correa's equal protection rights; 3) the U.S. Attorney's office in the Middle District of Florida has an unwritten fast-track program, and this violates his due process rights; 4) the district court should consider the disparity associated with fast-track programs to impose a reasonable sentence under 18 U.S.C. § 3553(a); and 5) his 46-month sentence is unreasonable considering his history and characteristics and the nature and circumstances of the offense.

First, Rodriguez-Correa argues that his Fifth and Sixth Amendment rights were violated where the district court used his prior convictions that were not alleged in the indictment or proven to a jury beyond a reasonable doubt to enhance his sentence under both U.S.S.G. § 2L1.2(b)(1)(A) (adding 16 levels for having a prior aggravated felony) and U.S.S.G. § 4A1.1 (by the addition of criminal history points). He acknowledges that his argument is foreclosed by this Court's

precedent, but raises the claim to preserve it for further appellate review.

In Almendarez-Torres v. United States, the Supreme Court held that a defendant's prior convictions used to enhance a sentence is not to be treated as an element of the offense for constitutional purposes, and as a result the prior conviction is not required to be alleged in the indictment. Almendarez-Torres v. United States, 523 U.S. 224, 226, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998). We have held that, "unless and until the Supreme Court specifically overrules Almendarez-Torres," we will continue to follow it. United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

Second, Rodriguez-Correa argues that the absence of an "explicit and clearly defined fast-track" program in the Middle District of Florida violates Rodriguez-Correa's equal protection rights. Rodriguez-Correa urges this Court to apply strict scrutiny to his equal protection challenge. Rodriguez-Correa contends that the absence of such a program fails under strict scrutiny, and even rational basis, analysis.

We have held that "no binding authority indicates that the distinction between defendants sentenced in fast-track districts and defendants sentenced in other districts involves a suspect classification or infringes on a fundamental right." United States v. Campos-Diaz, 472 F.3d 1278, 1280 (11th Cir. 2006), cert.

3

denied, 127 S.Ct. 2085 (2007), and specifically held that "the absence of a fast-track program in the judicial district where a defendant is sentenced does not violate equal protection." Id. at 1279-80.

Third, Rodriguez-Correa maintains that the U.S. Attorney's Office in the Middle District of Florida had a recently implemented "fast-track" or "early disposition" program, but that the government is not releasing the written terms of the program, which he contends violates his due process rights.

Determining whether Rodriguez-Correa was eligible for the program, and thus would have received a reduction in his sentence through a plea bargain or a government's motion for downward departure, is a matter of prosecutorial discretion. See United States v. Pickering, 178 F.3d 1168 , 1174 (11th Cir. 1999) (stating that "entering into plea bargains is within the United States Attorney's prosecutorial discretion") (citation omitted), overruled on other grounds as stated in United States v. Orrega, 363 F.3d 1093, 1098 n8 (11th Cir. 2004); see also, United States v. Rankin, 572 F.2d 503, 505 (5th Cir. 1978) (stating that "there is no constitutional right to plea bargain.") (citing Weatherford v. Bursey, 429 U.S. 545, 561, 97 S. Ct. 837, 846, 51 L. Ed. 2d 30 (1977)); see also United States v. Orozco, 160 F.3d 1309,1316 (11th Cir. 1998) (stating that "[d]etermining whether a motion for reduction of sentence will be filed is reserved to the government.").

4

We review prosecutorial discretion to determine whether the decision of the prosecutor was motivated by unconstitutional considerations. United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (regarding government's refusal to file motion for substantial-assistance departure, and stating "the government cannot exercise that power [of discretion], or fail to exercise that power, for an unconstitutional motive.") (citing Wade v. United States, 504 U.S. 181, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992)).

In the instant case, Rodriguez-Correa has failed to introduce any evidence showing that the United States Attorney's office used an unconstitutional motive when it denied his eligibility for the fast-track program. Thus, his argument fails.

Fourth, Rodriguez-Correa acknowledges that this Court's precedent forecloses his claim that the district court should consider the disparity associated with fast-track programs to impose a reasonable sentence under 18 U.S.C. § 3553(a), but nevertheless raises the issue to preserve it for further review.

Finally, Rodriguez-Correa argues that his 46-month sentence is unreasonable considering his history and characteristics and the nature and circumstances of the offense.

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in

5

light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1)-(7).

The burden of proving that the sentence is unreasonable in light of the record and these factors rests on the challenger.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  We have compared the sentence actually imposed to the statutory maximum in the reasonableness review process.  See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).  Recently, we noted in United States v. Campbell,

> We do not in this circuit presume reasonable a sentence
> within the properly calculated Guidelines range. See
> United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir.
> 2006). Recently, however, the U.S. Supreme Court

6

upheld other circuits' decisions affording such a presumption, noting that a sentence, independently calculated by the district court in accordance with Booker, that falls within the properly calculated Guidelines range "significantly increases the likelihood that the sentence is a reasonable one." Rita v. United States, 551 U.S.___, [127 S.Ct. 2456, 2462-63, 168 L.Ed. 2d 203 (2007)].

Campbell, 491 F.3d 1306, 1313-1314 (11th Cir. 2007).

At the sentencing hearing, the district court stated that it had considered "the advisory sentencing guidelines and all of the factors identified in" 18 U.S.C. § 3553(a)(1)-(7), and that the court found that "the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing." The district court heard statements from Rodriguez-Correa regarding his family situation, his personal characteristics, his need for medical care, and his lack of education. To the extent that Rodriguez-Correa argues that the district court failed to give sufficient weight to his factors asserted in support of a reasonable sentence, such as his personal circumstances, that decision is within the district court's discretion. United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006). Moreover, counsel for Rodriguez-Correa asked the district court for a sentence lower than the guideline range, "or at a minimum at the low end of the guidelines." In fact, Rodriguez-Correa received a sentence at the low end of the guideline range. In addition to being at the bottom of the advisory guideline

7

range, Rodriguez-Correa's 46-month (3 years, 10 months) sentence is well below the statutory maximum of 20 years'(240 months) imprisonment. 8 U.S.C. § 1326(b)(2). See United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (concluding that 87-month sentence was reasonable for violating § 1326(b)(2) because, among other things, the sentence was "almost one-third the length of the twenty-year statutory maximum sentence"), cert. denied, 126 S.Ct. 2946 (2006). Based on this record, Rodriguez-Correa has not met the burden of establishing the unreasonableness of his sentence. Accordingly, because the district court considered the factors outlined by § 3553(a), the sentence it imposed was reasonable.

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error.

**AFFIRMED.**