WILSON, Circuit Judge,
concurring:
I concur with the majority and write separately to respond in more depth to the government’s argument that Tirado-Yere-na’s deportation moots this appeal. Tirado-Yerena was deported after his custodial sentence but before his supervised release. Thus, the mootness inquiry here comprises two questions: (1) whether Tirado-Yerena’s challenge to his expired custodial sentence is moot and (2) whether either the expiration of Tirado-Yerena’s custodial sentence or his deportation moots his challenge to the supervised release. Because I answer the second question in the negative, I concur with the majority’s decision to consider the merits of this appeal.
A. Custodial Sentence
Tirado-Yerena’s challenge to his expired custodial sentence is moot. Mootness, like standing, derives from Article III, Section 2 of the Constitution, which limits a court’s power to the adjudication of a case or controversy. “Throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the [other party] and likely to be redressed by a favorable judicial decision.” United States v. Juvenile Male, 564 U.S. 932, 936, 131 S.Ct. 2860, 2864, 180 L.Ed.2d 811 (2011) (per curiam) (internal quotation marks omitted). “[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.” Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 212, 120 S.Ct. 693, 721, 145 L.Ed.2d 610 (2000) (internal quotation marks omitted). To overcome a claim of mootness, a defendant who wishes to continue challenging a conviction for which he has finished serving a sentence must show that he suffers from a “collateral consequence” of his conviction; if the defendant challenges the expired sentence, a “collateral consequence” of his sentence. Juvenile Male, 564 U.S. at 936, 131 S.Ct. at 2864.
We presume that a conviction has collateral consequences. Id.; see also Sibron v. New York, 392 U.S. 40, 55, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968) (“The Court thus acknowledged the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.”). Thus, if a defendant challenges his conviction, we presume that the appeal is not moot. See Juvenile Male, 564 U.S. at 936, 131 S.Ct. at 2864. However, no such presumption exists for a defendant who challenges his sentence, not his conviction. The burden of proving a “collateral consequence” of the expired sentence remains with the defendant. Id. And “the most generalized and hypothetical of consequences” are insufficient to meet this burden. See Spencer v. Kemna, 523 U.S. 1, 10, 118 S.Ct. 978, 984, 140 L.Ed.2d 43 (1998). The collateral consequence must be “an actual injury traceable to the [sentence] and likely to be redressed by a favorable” outcome on appeal. See Juvenile Male, 564 *789 U.S. at 936, 131 S.Ct. at 2864 (internal quotation marks omitted).
Because Tirado-Yerena challenges his sentence, he bears the burden of proving some collateral consequence of his expired custodial sentence. Tirado-Yerena argues that his lengthy custodial sentence was based on a finding that he committed an “aggravated felony,” a finding which “would have collateral consequences for the appellant in any future efforts to obtain relief through the immigration courts.” Under the 2014 Sentencing Guidelines, the sentencing court had imposed an enhancement based on a finding that Tira-do-Yerena committed an “aggravated felony” — a term that borrowed its definition from the Immigration and Nationality Act. U.S.S.G. § 2L1.2(b)(l)(C) (2014); 8 U.S.C. § 1101(a)(43).
However, Tirado-Yerena’s hypothetical “relief through the immigration courts” is too speculative to sustain a “collateral consequence.” Tirado-Yerena has been granted voluntary departure four times and has been deported twice. After serving his custodial sentence, Tirado-Yerena was deported under 8 U.S.C. § 1231(a)(5), which reinstates a “prior order of removal” if the “alien has reentered the United States illegally after having been removed or having departed voluntarily.” Tirado-Yerena’s receiving “relief through the immigration courts” is highly unlikely as it stands.
Also, he fails to explain the type of relief he would seek “through the immigration courts” and how the sentencing court’s finding of “aggravated felony” would influence an immigration court’s resolution of this request for relief. See Juvenile Male, 564 U.S. at 937, 131 S.Ct. at 2864 (“[A] possible, indirect benefit in a future lawsuit cannot save this case from mootness.” (emphasis omitted)); Commodity Futures Trading Comm’n v. Bd. of Trade, 701 F.2d 653, 656 (7th Cir. 1983) (Posner, J.) (“[O]ne can never be certain that findings made in a decision concluding one lawsuit will not some day ... control the outcome of another suit. But if that were enough to avoid mootness, no case would ever be moot.”). This , case is distinguishable from Mingkid, in which two aliens appealed directly from the Board of Immigration Appeals and in which the appealed decision found that they had filed a frivolous application, a finding “[o]ften referred to as the ‘death sentence’ for an alien’s immigration prospects.” See Mingkid v. U.S. Atty. Gen., 468 F.3d 763, 768 (11th Cir. 2006). Tirado-Yerena fails to meet the burden of proving a “collateral consequence” of his expired custodial sentence, and his challenge to the expired custodial sentence is moot.
B. Supervised Release
Tirado-Yerena’s challenge to the supervised release, however, is not moot. Supervised release is a part of his sentence that will be affected “by a favorable judicial decision.” Juvenile Male, 564 U.S. at 936, 131 S.Ct. at 2864. And his deportation does not change that supervised release remains a “live” issue. Friends of the Earth, 528 U.S. at 212, 120 S.Ct. at 721.
Despite the expiration of Tirado-Yere-na’s custodial sentence, the outcome of this sentencing appeal will affect his supervised release. One of the factors that a sentencing court must consider “in including a term of supervised release” is the “sentencing range.” 18 U.S.C. §§ 3583(c), 3553(a)(4). Thus, the sentencing court was required to consider the eight-level enhancement to Tirado-Yerena’s sentence before deciding to impose a three-year supervised release. A favorable resolution of Tirado-Yerena’s appeal of the enhancement might change the duration of his supervised release.
*790 The expiration of Tirado-Yerena s custodial sentence did not moot his challenge to the supervised release. See United States v. Page, 69 F.3d 482, 487 n.4 (11th Cir. 1995) (“We hold that this appeal is not moot.,.. [A]ll of the defendants are at least still serving their terms of supervised release, which involve restrictions on their liberty. Only success in this appeal could alter the supervised release portion of their sentences.”), superseded by statute on other grounds, 18 U.S.C. § 3664(f)(1)(A); Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (“Dawson is still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty. Because success for Dawson could alter the supervised release portion of his sentence, his appeal is not moot”).
Also, Tirado-Yerena’s deportation does not moot his challenge to the three-year supervised release. The sentencing court stated, “Even if you are deported, there are conditions of supervised release that you will have to comply with during those three years.” The sentencing judgment lists the conditions, one of which is for Tirado-Yerena to keep the probation office of the Northern District of Georgia apprised of any changes in his Mexico address.
The United States questions whether these conditions amount to supervised release: “[Although he is technically subject to a term of supervised release, he is not actually subject to the strictures and requirements of supervised release in Mexico.” However, 18 U.S.C. § 3583 states:
If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.
(emphasis added). And commentary m the Sentencing Guidelines states:
In a case in which the defendant is a deportable alien ,.,, the court ordinarily should not impose a term of supervised release.... The court should, however, consider imposing [the term] ... if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.
U.S.S.G. § 5D1.1 cmt. n.5.
Both 18 U.S.C. § 3583 and the Sentencing Guidelines establish that, if supervised release includes conditions to follow deportation, the deportation neither extinguishes nor tolls the term of supervised release. Other circuits have held the same. See, e.g., United States v. Williams, 369 F.3d 250, 253 (3d Cir. 2004) (“We will follow the other courts of appeals that have held that supervised release is not automatically extinguished by deportation.”); United States v. Akinyemi, 108 F.3d 777, 780 (7th Cir. 1997) (holding that a defendant’s re-entering the States during his term of supervised release was a crime “subject to enhancement” because not only was illegal re-entry a crime but also the prohibition of illegal re-entry was a condition of his supervised release); United States v. Ignacio Juarez, 601 F.3d 885, 890 (9th Cir. 2010) (holding that, although “fugitive tolling” applies to a defendant who escapes during his supervised release, a defendant’s “term of supervised release continues to run” if he was removed pursuant to a deportation order).
However, even if supervised release applies only in the event of Tirado-Yerena’s re-entry, his deportation does not moot his challenge to the supervised release. In Or-rega, our circuit held that a defendant’s deportation after his custodial sentence but before such supervised release did not moot his sentencing appeal. United States *791 v. Orrega, 363 F.3d 1093, 1096 (11th Cir. 2004). Considering the specific circumstances of the defendant and the likelihood of his re-entry, Orrega highlighted that the defendant lived in the United States most of his life and that his entire family is in the States. Id. at 1095 n.2. Orrega concluded, “There continues to be an active controversy in this case because [the defendant] may, at some point, re-enter the United States.” Id. at 1095.[1] The likelihood of re-entry in this case is likewise high. Four voluntary departures and two deportations seem not to have deterred Tirado-Yerena in the slightest; he continues to return to the United States.
Attempting to distinguish Orrega, the government argues that, whereas here the defendant appeals his sentence, in Orrega the government appealed the defendant’s sentence. However, the government fails to explain a reason for the distinction. Orrega relied on United States v. Villamonte-Marquez, 462 U.S. 579, 581 n.2, 103 S.Ct. 2573, 2575 n.2, 77 L.Ed.2d 22 (1983), which considered both the “possibility that respondents could be extradited and imprisoned for their crimes” and the possibility that “respondents [could] manage to reenter this country on their own.” Id. The same level of speculation is involved in the consideration of each possibility, and Orre-ga’s holding applies regardless of which party appeals a defendant’s sentence.
Although Tirado-Yerena’s challenge to the expired custodial sentence is moot, his challenge to the supervised release is not. Neither the expiration of Tirado-Yerena’s custodial sentence nor his deportation moots his challenge to the supervised release. I concur with the majority’s decision to consider the merits of this appeal.

. Attempting to identify a circuit split, the government cites cases from other circuits holding that a defendant's deportation mooted a sentencing appeal. However, each holding is fact-specific, and none contradict this concurrence. See United States v. DeLeon, 444 F.3d 41, 56 (1st Cir. 2006) (finding mootness because the defendant failed to "identiffy] any practical impact ... of the Booker supervised release issue” but declining to “adopt[] a general rule”); Okereke v. United States, 307 F.3d 117, 121 (3d Cir. 2002) (finding that a deportation mooted a sentencing appeal after considering only the defendant's prison sentence and not his supervised release); United States v. Vera-Flores, 496 F.3d 1177, 1181-82 (10th Cir. 2007) (holding that the defendant "has not met [his] burden” after rejecting the defendant’s only argument against mootness — the possibility that the Attorney General might grant his application for lawful re-entry); United States v. Frook, 616 F.3d 773, 778 (8th Cir. 2010) (relying on Vera-Flores).