# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40340

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

ARTEMIO ISIDRO-ESTEBAN,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Artemio Isidro-Esteban pleaded guilty without a plea agreement to being found unlawfully present in the United States following deportation. The presentence report (PSR) recommended that Isidro-Esteban's base offense level of 8 be increased by 8 levels pursuant U.S.S.G. § 2L1.2(b)(1)(C) (2014), for his two prior Texas convictions for assault, which were categorized as aggravated felonies. Isidro's adjusted offense level of 16 was then adjusted by 3 levels for acceptance of responsibility, resulting in a total offense level of 13. A total criminal history score of 10 established a criminal history category of V and a sentencing guidelines range of 30-37 months.

Isidro-Esteban objected to the recommendation that his prior convictions be categorized as aggravated felonies based on the definition of a crime of

No. 16-40340

violence in § 16(b).  Counsel reasserted the objection at sentencing.  The district court sustained that objection, finding that § 16(b) as applied through the guidelines is unconstitutionally vague.  Isidro-Esteban's resulting total offense level was 10, and the sentencing guideline range was 21-27 months.  The district court imposed a sentence of 21 months, with no term of supervised release.  The Government filed a timely notice of appeal.

Isidro-Esteban was released from incarceration on January 19, 2017, after the briefs in this appeal were filed, he is not subject to a term of supervised release, and he was removed from the United States on February 2, 2017.  This case is not moot, however, as several of our sister circuits have held that "[c]ompletion of a sentence and deportation does not moot the [G]overnment's appeal of an improper sentence." *United States v. Hernandez-Garduno*, 460 F.3d 1287, 1291 (10th Cir. 2006); *see also United States v. Plancarte-Alvarez,* 366 F.3d 1058, 1063-64 (9th Cir. 2004); *United States v. Orrega*, 363 F.3d 1093, 1095-96 (11th Cir. 2004); *United States v. Suleiman*, 208 F.3d 32, 36-38 (2d Cir. 2000).  Therefore, we must turn to the merits.

The merits of this case are clear and the outcome required by the existing precedent in this circuit.  This court in *United States v. Gonzalez-Longoria* 831 F.3d 670 (5th Cir. 2016) (en banc), determined that § 16(b) is not unconstitutionally vague in light of *Johnson*.  Isidro-Esteban agreed that *Gonzalez-Longoria* currently forecloses the issue in this circuit, and that he simply wished to preserve the issue for possible further review.  *Gonzalez-Longoria* is binding precedent unless overruled by this court en banc or by the Supreme Court, therefore the district court erred in holding § 16(b) was unconstitutionally vague and not granting the appropriate sentencing enhancement.

For these reasons, we **VACATE** the sentence of the district court and **REMAND** for resentencing with instructions to hold resentencing at some

No. 16-40340

point in the future if the defendant returns to the United States and the Government asks the court to reopen the case for this purpose.