[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13198

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TOMAS SANCHEZ RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cr-00181-MLB-JSA-1

_____

Before LAGOA, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Tomas Sanchez Ramirez appeals his 10-month imprisonment sentence, imposed after he pleaded guilty to illegally reentering the United States, arguing that the district court imposed a substantively unreasonable above-guideline sentence. After careful review, we affirm Sanchez Ramirez's sentence.

## I. BACKGROUND

Sanchez Ramirez entered the United States in 1990 to escape violence in his home country of Mexico. He returned to Mexico at an unknown date but attempted to reenter this country without permission at least six times in 2000, although federal authorities permitted him to voluntarily depart in each instance. Sanchez Ramirez was ultimately successful in returning to the United States, but eventually faced formal removal proceedings and was removed to Mexico in July 2012.

Sanchez Ramirez returned once more to the United States following his formal removal so that he could financially support his youngest child. In 2022, Sanchez Ramirez was arrested in Georgia on traffic offenses and pleaded guilty to driving under the influence ("DUI"), for which he received a sentence of 12 months of probation. While on probation, Sanchez Ramirez committed additional traffic offenses, so the state court revoked his probation and sentenced him to six months of imprisonment. Immigrations and Customs Enforcement ("ICE") agents instituted an immigration

detainer in April 2024, and Sanchez Ramirez was placed in federal custody in June 2024, shortly after the completion of his state sentence. Thereafter, Sanchez Ramirez pleaded guilty to a single count indictment charging him with illegally entering the United States after prior removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).

The Presentence Investigation Report ("PSI") provided a base offense level of eight, United States Sentencing Guidelines Manual § 2L1.2(a) (Nov. 2023), but applied a two-level reduction for acceptance of responsibility, *id.* § 3E1.1(a), resulting in a total offense level of six. The PSI assessed two criminal history points for Sanchez Ramirez's 2022 Georgia DUI conviction, resulting in a criminal history category of II. The PSI also noted that, between 2003 and 2010, Sanchez Ramirez accumulated numerous criminal convictions, including multiple convictions for DUI and driving without a license, as well as convictions for battery and aggressive driving. Pursuant to United States Sentencing Guidelines Manual § 4A1.2(e)(3), these offenses received zero criminal history points due to their age. Based on a total offense level of six and a criminal history category of II, the PSI provided an advisory guideline range of one to seven months of imprisonment. Neither party objected to the PSI's guideline calculations.

At sentencing, the district court adopted the PSI and considered the 18 U.S.C. § 3553(a) factors, observing that illegal reentry was a "serious offense" although it "might not be the most serious of crimes." The court also stated that Sanchez Ramirez's criminal history demonstrated "zero regard for the law, zero." It opined that

Sanchez Ramirez viewed short prison sentences, like the time-served sentence proposed by his counsel and seven-month sentence proposed by the government in their sentencing memoranda, "as sort of the cost of doing the business he want[ed] to do." The court considered Sanchez Ramirez's history and characteristics, the need to deter, and the need to protect the public, determining that it could not ignore the danger Sanchez Ramirez posed because of his DUI history. It also believed Sanchez Ramirez was likely to return to the United States and thus would continue to be a danger following his impending removal from the country.

Sanchez Ramirez explained that his request for a time-served sentence reflected the four months he already served in custody and aligned with the average sentence imposed upon defendants with comparable guideline computations. He also emphasized the 12-year gap between his most recent convictions and noted that the older convictions were considered less probative of current character and conduct. The district court interjected that because of Sanchez Ramirez's history, it feared that "he w[ould] get out of prison, . . . be deported, . . . come back," commit similar crimes, and "hurt somebody." In further support of his requested sentence, Sanchez Ramirez explained that he was sexually assaulted while in state custody and not afforded adequate assistance and relief because he did not speak English. He also highlighted his difficult childhood, work history, and desire to support his family.

The district court rejected Sanchez Ramirez's arguments. It first found that his criminal history was underrepresented by the

guideline calculation, as Sanchez Ramirez's zero-point convictions were "refreshed by his recent conduct." The court also highlighted that, in addition to his several traffic-related convictions, Sanchez Ramirez also possessed two battery convictions for committing violent acts. While the court expressed sympathy for Sanchez Ramirez's experiences in state prison, it did not believe the inability to speak English prohibited him from crying out for help or that there "[wa]s any thoughtfulness" behind the request for a time-served sentence. The district court further emphasized that Sanchez Ramirez never learned from his actions, despite having "so many opportunities" to do so.

The district court then concluded that the § 3553(a) factors did not support a time-served sentence. It reemphasized that Sanchez Ramirez's lengthy criminal history was underrepresented by the calculated guideline range, so "the sentence need[ed] to promote respect for the law and punishment," provide "deterrence[,] and protect[] . . . the public from somebody who drives drunk in [this] country." It elaborated that, in the past, Sanchez Ramirez's "criminal activity . . . led to nothing more than processing time," and "another processing-time sentence" did not satisfy the purposes of sentencing. The court further noted its consideration of the Guidelines and that it did not find any unwarranted sentencing disparities.

Consequently, the district court imposed a ten-month term of imprisonment, which was a three-month variance from the guideline range, and three years of supervised release to follow.

The court explained that it considered varying even higher, but it wanted to ensure that Sanchez Ramirez received credit for the time he already served in ICE and federal custody.

Sanchez Ramirez objected to the substantive reasonableness of his sentence, and this appeal followed.[1]

## II. STANDARD OF REVIEW

When reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

## III. DISCUSSION

Section § 3553(a)'s "overarching" instruction to courts is that any sentence must be sufficient but not greater than necessary to comply with the purposes of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *see Gall*, 552 U.S. at 51. These

---

[1] We note that Sanchez Ramirez does not appear to be in Bureau of Prisons or ICE custody. Because Sanchez Ramirez's sentence includes a three-year term of supervised release, his appeal is not rendered moot by his release from custody or possible removal to Mexico. *See United States v. Orrega*, 363 F.3d 1093, 1095–96 (11th Cir. 2004); *Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995).

sentencing purposes include the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). A court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the types of sentences available, the applicable guideline range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly-situated defendants, and the need to provide restitution to any of the defendant's victims. *Id*. § 3553(a)(1), (3)–(7).

We will not reverse a sentence solely because we believe a different sentence would be more appropriate. *Gall*, 552 U.S. at 51. Rather, we will vacate a sentence only when "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

Sanchez Ramirez argues that his ten-month sentence is substantively unreasonable because the district court relied exclusively upon his criminal history and neglected the mitigating circumstances he presented at sentencing. He also argues that the court failed to sufficiently justify its above-guideline sentence. We disagree.

Even though Sanchez Ramirez's properly calculated guideline range incorporated his criminal history, the district court was within its discretion to find that this range did not account for the nature of his prior offenses or his pattern of continuous criminal behavior. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1263–64 (11th Cir. 2015); *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (A "district court [is] free to consider any information relevant to [the defendant's] 'background, character, and conduct' in imposing an upward variance." (quoting 18 U.S.C. § 3661)).

The weight given to each § 3553(a) factor is left to the discretion of the district judge, and, as such, the court was permitted to give substantial weight to Sanchez Ramirez's history and characteristics over other factors discussed at sentencing. *Rosales-Bruno*, 789 F.3d at 1255, 1259–60, 1263–64; *see United States v. Osorio-Moreno*, 814 F.3d 1282, 1287–88 (11th Cir. 2016). Also, the record demonstrates that the court did not focus exclusively on Sanchez Ramirez's criminal history, since immediately prior to imposing its sentence, the court noted its consideration of the applicable Guidelines and all the § 3553(a) factors. Moreover, throughout the sentencing hearing, the district court considered and rejected many of Sanchez Ramirez's arguments in favor of a time-served sentence, and, in any event, the failure to address every mitigating factor does not mean that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

The record likewise does not support Sanchez Ramirez's argument that the court failed to provide sufficient justification for its upward variance, as the district court clearly explained that the circumstances of the case did not support the sentences proposed by either party. The court emphasized Sanchez Ramirez's underrepresented criminal history, recognized that Sanchez Ramirez's actions suggested an indifference to punishment, and cited the need to protect the public from the dangerous conditions Sanchez Ramirez created with his consistent criminal conduct. *See Gall*, 552 U.S. at 50; *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) ("[A] district court need not account for every § 3553(a) factor, nor must it discuss every factor and the role that it played in sentencing."). As such, the district court acted within its discretion in imposing a three-month upward variance and provided sufficient justification for its chosen sentence.

Sanchez Ramirez also argues that the district court failed to make the requisite findings to impose an upward departure based on the inadequacy of his criminal history category under § 4A1.3(a) of the Guidelines. However, the court, without citing any specific departure provision, correctly calculated the guideline range and found that the range did not adequately address the § 3553(a) factors. Thus, Sanchez Ramirez's ten-month sentence involved an upward variance rather than a departure. *See United States v. Hall*, 965 F.3d 1281, 1295–97 (11th Cir. 2020).

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** Sanchez Ramirez's sentence.