# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2020

No. 18-40765
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JHOSEP MALCOM MEJIA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-601-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jhosep Malcom Mejia appeals his conviction for three counts of transportation of undocumented aliens and his 20-month below-guidelines sentence. Mejia challenges the sufficiency of the evidence, arguing that the Government did not establish that he knew or recklessly disregarded that the persons concealed in his tractor-trailer were not United States citizens.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40765

Because Mejia preserved the sufficiency issue by moving for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, the standard of review is de novo. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013). The testimony of the material witnesses that they waited for the tractor-trailer to arrive before being loaded, the evidence that the tractor-trailer began to move almost immediately after the loading was completed, the amount the aliens were to pay upon arriving in Houston, the fact that Mejia's destination was the same intended destination of the aliens, and the implausibility and inconsistency of Mejia's story all support the jury's finding. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990); *United States v. Del Aguila-Reyes*, 722 F.2d 155, 157 (5th Cir. 1983). Mejia's arguments that evidence on timing, temperature, and loading was inconsistent do not undermine the substantial evidence of his guilt.

Mejia argues that the district court abused its discretion in denying his motion for a new trial because the prosecution was allowed to present evidence and emphasize "the Mexicanness of the pin drop." He contends that the prosecution appealed to racial or ethnic prejudice. We review the denial of a motion for new trial for abuse of discretion, evaluating questions of law de novo. *United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015).

This argument is unsupported by the record. Mejia incorrectly states that the district court did not allow Government's exhibit 21 into evidence. Though the exhibit was redacted, it was not excluded from evidence. Additionally, an outgoing message from Mejia's phone to a number in Mexico that reveals his location at approximately the time the aliens claimed they were loaded onto the tractor-trailer supports an inference that Mejia was in contact with people who were assisting in the smuggling of these aliens, thus providing evidence of his knowledge of the aliens' illegal status. The

prosecution made no impermissible reference appealing to bias or prejudice. Mejia does not show that the district court abused its discretion in denying his motion for a new trial on this ground. *See Pratt*, 807 F.3d at 645.

Mejia next asserts that the district court erred in overruling his objections to hearsay evidence. He complains that testimony regarding the mistake on the bill of lading and the loading of the trailer was impermissible hearsay. Mejia contends that the trial court sustained his objections to this evidence and that a jury instruction to disregard the hearsay was insufficient to cure the error.

Where a challenge to a district court's evidentiary ruling has been preserved, we review the evidentiary ruling for an abuse of discretion, subject to harmless-error analysis. *United States v. Kinchen*, 729 F.3d 466, 470-71 (5th Cir. 2013) (internal quotation marks and citation omitted). Even if the trial court erred in its evidentiary rulings, any error was harmless in light of the substantial evidence of guilt. *See United States v. Flores*, 640 F.3d 638, 643 (5th Cir. 2011) (internal quotation marks and citation omitted). To the extent Mejia argues that the jury could not disregard hearsay evidence despite the trial court's admonishment otherwise, his argument fails. Jurors are presumed to follow instructions "unless there is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect [of the improper statement] is devastating." *United States v. Turner*, 674 F.3d 420, 440 (5th Cir. 2012) (internal quotation marks and citation omitted) (alteration in original). Mejia has not made such a showing.

Finally, Mejia challenges two sentencing enhancements that were used to calculate his guidelines range. Because Mejia has completed his sentence, has been released from prison, and is not subject to a term of supervised

release, his appeal of his sentence is moot. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc); *see also United States v. Castellon*, 714 F. App'x 456, 456 (5th Cir. 2018).

Accordingly, the judgment of the district court is AFFIRMED in part. The appeal of Mejia's sentence is DISMISSED as moot.